**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES DAVID WILLIAMS, Jr., | No. 10-15748 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00546-AWI-DLB |
| v. | |
| PORTERVILLE POLICE DEPARTMENT and DOMINIC BARTEAU, | MEMORANDUM[*] |
| Defendants - Appellees, | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Charles David Williams, Jr., a California state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

unlawful entry and false arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment for Officer Barteau because Williams did not raise a genuine dispute of material fact as to whether Officer Barteau had consent to enter his residence. *See Espinosa v. City and Cnty. of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010) (consent is an exception to the Fourth Amendment's warrant requirement); *United States v. Enslin*, 327 F.3d 788, 793-94 (9th Cir. 2003) (in order to give valid consent, a third party must have either actual or apparent authority); *see also United States v. Ruiz*, 428 F.3d 877, 881 (9th Cir. 2005) (setting forth the requirements for establishing apparent authority). Nor did Williams raise a genuine dispute of material fact as to whether Officer Barteau had probable cause to arrest him. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) ("Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested.").

The district court properly granted summary judgment for the City of Porterville Police Department because Williams did not raise a genuine dispute of material fact as to whether a constitutional violation had occurred. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653-54 (9th Cir. 2001) ("Neither a municipality

nor a supervisor . . . can be held liable under § 1983 where no injury or constitutional violation has occurred.").

Williams's remaining contentions, including those concerning the admissibility and credibility of the Melissa Williams declaration, are unpersuasive.

**AFFIRMED.**